IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 3 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00828-BNB

TROY MARTINEZ,

      Applicant,

v.

ANGEL MEDINA, Warden (LCF), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER

---

      Applicant, Troy Martinez, is a prisoner in the custody of the Colorado Department

of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Martinez

initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254. Mr. Martinez is challenging the validity of his conviction in Adams

County District Court case number 95CR130.

      On April 16, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file

a Pre-Answer Response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28

U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses

in this action. On May 27, 2010, Respondents filed their Pre-Answer Response arguing

that Mr. Martinez' claims should be dismissed both as untimely and because they are

unexhausted and procedurally barred. On June 22, 2010, Mr. Martinez filed a "Motion

to Stay or Alternatively Amend Habeas Application" asking the Court to hold this action

in abeyance while he returns to state court to exhaust certain claims or, in the alternative, to be allowed to amend the application to present only those claims that either are exhausted or for which he can demonstrate cause and prejudice for his procedural default. On June 29, 2010, Respondents filed a "Response to Applicant's Motion to Stay or Alternatively Amend Habeas Application" opposing the request for a stay both because the action is time-barred and because Mr. Martinez cannot satisfy the requirements for a stay. On July 7, 2010, Mr. Martinez filed "Applicant's Reply to Response to Motion to Stay or Amend."

The Court agrees with Respondents that the motion to stay or amend becomes moot if the instant action is time-barred. Therefore, the Court first will address Respondents' argument that this action is barred by the one-year limitation period. For the reasons stated below, the Court concludes that this action is timely.

The Court must construe the application and other papers filed by Mr. Martinez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Martinez alleges that he was convicted by a jury of first degree murder with extreme indifference and that he was sentenced to life in prison without the possibility of parole. The judgment of conviction was affirmed on direct appeal. *See People Martinez*, No. 96CA0966 (Colo. Ct. App. Jan. 22, 1998) (Pre-Answer Resp. at Ex. B, pp. 89-98) ("*Martinez I*"). On October 19, 1998, the Colorado Supreme Court denied

Mr. Martinez' petition for writ of certiorari on direct appeal. (*See* Pre-Answer Resp. at Ex. B, pp.123-24.)

On July 30, 1999, Mr. Martinez filed in the trial court a ***pro se*** postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* Pre-Answer Resp. at Ex. A, p.6.) On August 13, 1999, counsel was appointed to represent Mr. Martinez in the state court postconviction proceedings. (*See id*.) In September and October 1999, counsel sought and obtained a free transcript of voir dire and access to the files of trial counsel. (*See id*. at Ex. A, pp.6-7.) In July and August 2000, new counsel filed an entry of appearance and a notice of change of address. (*See id*. at Ex. A, p.7.) Following the notice of change of address filed on August 23, 2000, the Register of Actions in Mr. Martinez' criminal case has no entries until January 20, 2005, when an amended Rule 35(c) motion was filed. (*See id*.) On April 12, 2006, the trial court denied the Rule 35(c) motion and the amended Rule 35(c) motion. (*See* Pre-Answer Response at Ex. C, pp.54-57.) The trial court's order denying postconviction relief was affirmed on appeal. *See People v. Martinez*, No. 06CA1087 (Colo. Ct. App. Mar. 19, 2009) (Pre-Answer Resp. at Ex. C, pp.69-76) ("***Martinez II***"). On November 2, 2009, the Colorado Supreme Court denied Mr. Martinez' petition for writ of certiorari in the postconviction proceedings. (*See* Pre-Answer Resp. at Ex. C, pp.98-99).

The instant action was filed on April 18, 2010. Mr. Martinez asserts the following thirteen claims for relief:

> 1. The trial court committed structural error when it failed to require that the jury render a verdict on the lesser, non-included offense of heat of passion manslaughter.

2. The trial court erred in refusing to instruct the jury that the affirmative defense of self-defense applied to extreme indifference murder.

3. Mr. Martinez' constitutional right to present a defense was violated because the trial court's instruction entirely precluded the jury from considering evidence of self-defense in deciding what, if any, offense he committed.

4. The trial court erred in instructing the jury on the concept of complicity because Mr. Martinez testified that he fired the gun and killed Ralph Moore.

5. The trial court erred in instructing the jury on the issue of an initial aggressor because there was no evidence that showed Mr. Martinez was an initial aggressor.

6. The prosecution committed misconduct during closing arguments by misstating the law of self-defense, telling the jury it would commit an injustice if it did not find Mr. Martinez guilty, appealing to the jury's fear of gang violence in the community, and arguing that Mr. Martinez' testimony was not truthful.

7. Trial counsel was ineffective by failing to conduct an adequate pretrial investigation.

8. Trial counsel was ineffective by failing to consider any possible defenses other than self-defense.

9. Trial counsel was ineffective by failing to investigate Mr. Martinez' claim of a conflict with counsel.

10. Trial counsel was ineffective by failing to argue or object to the prosecution's repeated factual and legal misstatements.

11. Trial counsel was ineffective by failing to argue or otherwise use mitigating evidence of voluntary intoxication.

12. Trial counsel was ineffective by failing to present evidence of the victim's reputation for violence.

13. The cumulative effects of the errors in this case deprived Mr. Martinez of a fair trial.

As noted above, Respondents argue that this action is barred by the one-year

limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court. The limitation period shall
> run from the latest of–
>
>> (A) the date on which the judgment became
>> final by the conclusion of direct review or the
>> expiration of the time for seeking such review;
>
>> (B) the date on which the impediment to filing
>> an application created by State action in
>> violation of the Constitution or laws of the
>> United States is removed, if the applicant was
>> prevented from filing by such State action;
>
>> (C) the date on which the constitutional right
>> asserted was initially recognized by the
>> Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral
>> review; or
>
>> (D) the date on which the factual predicate of
>> the claim or claims presented could have been
>> discovered through the exercise of due
>> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the

date on which Mr. Martinez' conviction became final. In general, a conviction becomes

final following a decision by the state court of last resort on direct appeal when the

United States Supreme Court denies review, or, if no petition for writ of certiorari is filed in the United States Supreme Court, when the time for seeking such review expires. **See Locke v. Saffle**, 237 F.3d 1269, 1273 (10th Cir. 2001). Pursuant to Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States, Mr. Martinez had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on October 19, 1998, but he did not do so. Therefore, the Court finds that Mr. Martinez' conviction became final on January 19, 1999, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.

The Court also finds that the one-year limitation period began to run on January 19, 1999, because Mr. Martinez does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final. **See** 28 U.S.C. § 2244(d)(1)(B) - (D).

The next question the Court must answer in deciding if this action is timely is whether the state court postconviction Rule 35(c) proceedings tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws

and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents argue that this action is untimely because the *pro se* Rule 35(c) motion filed in July 1999 was abandoned under Colorado state law when Mr. Martinez failed to take reasonable steps to obtain a ruling on that motion, as evidenced by the lack of any activity in the postconviction proceedings between August 2000 and the filing of the amended Rule 35(c) motion in January 2005. Respondents concede that this action is timely if the *pro se* Rule 35(c) motion was not abandoned and the state

court postconviction proceedings remained pending from July 1999, when the *pro se* Rule 35(c) motion was filed, through November 2, 2009, when the Colorado Supreme Court denied Mr. Martinez' petition for writ of certiorari in the state court postconviction proceedings.

The Court is not persuaded by Respondents' argument that Mr. Martinez abandoned his *pro se* Rule 35(c) motion filed in July 1999 because neither the trial court nor the Colorado Court of Appeals found that the *pro se* Rule 35(c) motion was abandoned under Colorado state law. In fact, both the trial court and the Colorado Court of Appeals addressed the merits of the claims and arguments Mr. Martinez raised in the *pro se* Rule 35(c) motion. Therefore, the Court finds that the *pro se* Rule 35(c) motion and the amended Rule 35(c) motion were properly filed under state law and tolled the one-year limitation period pursuant to § 2244(d)(2). As a result, the Court finds that this action is timely.

Respondents next argue in their Pre-Answer Response that all of Respondents' claims are unexhausted and procedurally barred. In his motion to stay or amend, Mr. Martinez concedes that some of his claims are unexhausted and he asks the Court to stay this action while he returns to state court to exhaust those claims. Alternatively, Mr. Martinez asks to be allowed to amend the application to present only those claims that he knows are exhausted or for which he can demonstrate cause and prejudice for his procedural default. However, Mr. Martinez fails to specify which claims he believes are exhausted, which claims he is conceding are unexhausted, and which unexhausted claims he believes are not procedurally barred because he can demonstrate cause and

prejudice for his procedural default. Mr. Martinez also fails to raise the actual arguments that he contends will demonstrate cause and prejudice for his procedural default. As a result, the Court is unable to determine which, if any, of Mr. Martinez' claims are exhausted, which claims may be procedurally barred, and whether a stay of this action is appropriate. *See Rhines v. Webber*, 544 U.S. 269, 277-78 (2005) (discussing criteria for when stay and abeyance is appropriate).

Because the Court lacks sufficient information to resolve the issues raised by Respondents in their Pre-Answer Response and by Mr. Martinez in his motion to stay or amend, Mr. Martinez will be ordered to file either a reply to the Pre-Answer Response or an amended motion to stay or amend that clarifies which claims he believes are exhausted, which claims he is conceding are unexhausted, and which unexhausted claims he believes are not procedurally barred because he can demonstrate cause and prejudice for his procedural default. Furthermore, because Mr. Martinez apparently believes that certain unexhausted claims are not procedurally barred because he can demonstrate cause and prejudice for his procedural default, he also must include in his response to this order the actual arguments that he contends will demonstrate cause and prejudice for his procedural default. Accordingly, it is

ORDERED that Mr. Martinez shall have **thirty (30) days from the date of this order** to file either a reply to the Pre-Answer Response or an amended motion to stay or amend as directed in this order. It is

FURTHER ORDERED that the motion to stay or amend filed on June 22, 2010, will be denied without further notice if Mr. Martinez fails to file either a reply to the Pre-

Answer Response or an amended motion to stay or amend within the time allowed as directed.

DATED at Denver, Colorado, this __22nd__ day of __July__, 2010.

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00828-BNB

Troy Martinez
Prisoner No. 89851
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Clemmie Parker Engle
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7|28|10

 

                    GREGORY C. LANGHAM, CLERK

            By: _____
                       Deputy Clerk