IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00828-BNB

TROY MARTINEZ,

     Applicant,

v.

ANGEL MEDINA, Warden (LCF), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP - 9 2010

GREGORY C. LANGHAM
                        CLERK

_____

ORDER

_____

     Applicant, Troy Martinez, is a prisoner in the custody of the Colorado Department

of Corrections at the Limon Correctional Facility in Limon, Colorado.  Mr. Martinez has

filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

challenging the validity of his conviction and sentence in Adams County District Court

case number 95CR130.

     On April 16, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file

a Pre-Answer Response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28

U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses

in this action.  On May 27, 2010, Respondents filed their Pre-Answer Response arguing

that Mr. Martinez' claims should be dismissed both as untimely and because they are

unexhausted and procedurally barred.  On June 22, 2010, Mr. Martinez filed a "Motion

to Stay or Alternatively Amend Habeas Application" asking the Court to hold this action

in abeyance while he returns to state court to exhaust certain claims or, in the alternative, to be allowed to amend the application to present only those claims that either are exhausted or for which he can demonstrate cause and prejudice for his procedural default. On June 29, 2010, Respondents filed a "Response to Applicant's Motion to Stay or Alternatively Amend Habeas Application" opposing the request for a stay both because the action is time-barred and because Mr. Martinez cannot satisfy the requirements for a stay. On July 7, 2010, Mr. Martinez filed "Applicant's Reply to Response to Motion to Stay or Amend."

In an order filed on July 23, 2010, the Court determined that this action is not barred by the one-year limitation period. However, the Court lacked sufficient information to address the exhaustion and procedural bar issues raised by the parties. Therefore, the Court ordered Mr. Martinez to file either a reply to the Pre-Answer Response or an amended motion to stay or amend that clarifies which claims he believes are exhausted, which claims he is conceding are unexhausted, and which unexhausted claims he believes are not procedurally barred because he can demonstrate cause and prejudice for his procedural default. The Court also ordered Mr. Martinez to include in his response the actual arguments that he contends will demonstrate cause and prejudice for his procedural default. On August 11, 2010, Mr. Martinez filed an Amended Motion to Stay or Amend.

The Court must construe the application and other papers filed by Mr. Martinez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Martinez alleges that he was convicted by a jury of first degree murder with extreme indifference and that he was sentenced to life in prison without the possibility of parole. The judgment of conviction was affirmed on direct appeal to the Colorado Court of Appeals ("CCA"). *See People Martinez*, No. 96CA0966 (Colo. App. Jan. 22, 1998) (Pre-Answer Resp. at Ex. B, pp. 89-98). On October 19, 1998, the Colorado Supreme Court ("CSC") denied Mr. Martinez' petition for writ of certiorari on direct appeal. (*See* Pre-Answer Resp. at Ex. B, pp.123-24.)

On July 30, 1999, Mr. Martinez filed in the trial court a *pro se* postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* Pre-Answer Resp. at Ex. A, p.6.) On August 13, 1999, counsel was appointed to represent Mr. Martinez in the state court postconviction proceedings. (*See id.*) In September and October 1999, counsel sought and obtained a free transcript of voir dire and access to the files of trial counsel. (*See id.* at Ex. A, pp.6-7.) In July and August 2000, new counsel filed an entry of appearance and a notice of change of address. (*See id.* at Ex. A, p.7.) Following the notice of change of address filed on August 23, 2000, the Register of Actions in Mr. Martinez' criminal case has no entries until January 20, 2005, when an amended Rule 35(c) motion was filed. (*See id.*) On April 12, 2006, the trial court denied the Rule 35(c) motion and the amended Rule 35(c) motion. (*See* Pre-Answer Response at Ex. C, pp.54-57.) The CCA subsequently affirmed the trial court's order denying postconviction relief. *See People v. Martinez*, No. 06CA1087 (Colo.

3

App. Mar. 19, 2009) (Pre-Answer Resp. at Ex. C, pp.69-76). On November 2, 2009, the

CSC denied Mr. Martinez' petition for writ of certiorari in the postconviction proceedings.

(*See* Pre-Answer Resp. at Ex. C, pp.98-99).

The instant action was filed on April 18, 2010. Mr. Martinez asserts the following

thirteen claims for relief:

1.   The trial court committed structural error when it failed to require that the jury render a verdict on the lesser, non-included offense of heat of passion manslaughter.

2.   The trial court erred in refusing to instruct the jury that the affirmative defense of self-defense applied to extreme indifference murder.

3.   His constitutional right to present a defense was violated because the trial court's instruction entirely precluded the jury from considering evidence of self-defense in deciding what, if any, offense Mr. Martinez committed.

4.   The trial court erred in instructing the jury on the concept of complicity because Mr. Martinez testified that he fired the gun and killed Ralph Moore.

5.   The trial court erred in instructing the jury on the issue of an initial aggressor because there was no evidence that showed Mr. Martinez was an initial aggressor.

6.   The prosecution committed misconduct during closing arguments by misstating the law of self-defense, telling the jury it would commit an injustice if it did not find Mr. Martinez guilty, and appealed to the jury's fear of gang violence in the community.

7.   Trial counsel was ineffective by failing to conduct an adequate pretrial investigation.

8.   Trial counsel was ineffective by failing to consider any possible defenses other than self-defense.

9.   Trial counsel was ineffective by failing to investigate Mr. Martinez' claim of a conflict with counsel.

10. Trial counsel was ineffective by failing to argue or object to the prosecution's repeated factual and legal misstatements.

11. Trial counsel was ineffective by failing to argue or otherwise use mitigating evidence of voluntary intoxication.

12. Trial counsel was ineffective by failing to present evidence of the victim's reputation for violence.

13. The cumulative effects of trial counsel's errors deprived Mr. Martinez of a fair trial.

I.  Exhaustion of State Remedies

Respondents argue in their Pre-Answer Response that all of Respondents' claims are unexhausted and procedurally barred. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas

corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action, like Mr. Martinez, bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

A. Claims One, Three, and Four

Respondents concede that Mr. Martinez raised claims one, three, and four as federal constitutional claims in the CCA on direct appeal. However, Respondents argue that these claims are not exhausted because Mr. Martinez did not raise them as federal constitutional claims in his petition for writ of certiorari on direct appeal. Even accepting Respondents' contentions that Mr. Martinez did not identify claims one, three, and four as federal constitutional claims in his petition for writ of certiorari on direct appeal, the Court does not conclude that these claims are unexhausted for that reason.

In order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to

ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-

48. Therefore, if a state articulates that a certain avenue for relief is not part of its

standard appellate review process, it is not necessary for a defendant to pursue that

avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the CSC is not part of the

standard state appellate review process. More specifically, the Colorado Appellate

Rules provide that:

> In all appeals from criminal convictions or postconviction
> relief matters from or after July 1, 1974, a litigant shall not be
> required to petition for rehearing and certiorari following an
> adverse decision of the Court of Appeals in order to be
> deemed to have exhausted all available state remedies
> respecting a claim of error. Rather, when a claim has been
> presented to the Court of Appeals or Supreme Court, and
> relief has been denied, the litigant shall be deemed to have
> exhausted all available state remedies.

Colo. App. R. 51.1. Pursuant to Colo. App. R. 51.1, the Court finds that review in the

CSC is not required to exhaust state remedies if the claim in question was presented

fairly to, and relief was denied by, the CCA. As Respondents concede, Mr. Martinez

fairly presented claims one, three, and four to the CCA on direct appeal. Therefore, the

Court finds that claims one, three, and four are exhausted and the Court is not

persuaded by Respondents's arguments that a petition for writ of certiorari still is

necessary to exhaust state remedies in Colorado. The Court's conclusion is supported

by the fact that four circuit courts have determined that state rules similar to Colo. App.

R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy

the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir.

2004); **Adams v. Holland**, 330 F.3d 398, 401-03 (6th Cir. 2003); **Randolph v. Kemna**, 276 F.3d 401, 404-05 (8th Cir. 2002); **Swoopes v. Sublett**, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Therefore, Respondents' assertion that Mr. Martinez did not raise claims one, three, and four as federal constitutional claims in his petition for writ of certiorari on direct appeal does not demonstrate that those claims are unexhausted. The fact that Mr. Martinez actually filed a petition for writ of certiorari on direct appeal but allegedly did not raise claims one, three, and four as federal constitutional claims does not alter the Court's conclusion.

Respondents argue, however, that Colo. App. R. 51.1 does not apply to Mr. Martinez' direct appeal because his direct appeal ended before Colo. App. R. 51.1 was adopted. Respondents primarily rely on **Wenger v. Frank**, 266 F.3d 218 (3d Cir. 2001), to support this argument. In **Wenger**, the United States Court of Appeals for the Third Circuit concluded that a Pennsylvania Supreme Court rule eliminating the need to seek discretionary review in that court in order to exhaust state remedies was not retroactive. **See id**. at 226. The Third Circuit based its conclusion on the prospective language of the Pennsylvania Supreme Court rule, a finding that the primary purpose of the Pennsylvania Supreme Court rule would not be served by retroactive application, and the Third Circuit's view that whether a particular remedy was or was not available is a question of objective historical fact that cannot be retroactively altered. **See id**. at 225-26.

In contrast to **Wenger**, two other circuit courts have held that state rules in Tennessee and Missouri, which are similar to both the Pennsylvania Supreme Court

8

Rule at issue in **Wenger** and Colo. App. R. 51.1, do apply retroactively. **See Adams**, 330 F.3d at 405; **Randolph**, 276 F.3d at 404. In **Randolph**, the Eighth Circuit reasoned that the Missouri rule was retroactive because the rule purported to clarify existing law and not change the law. **See Randolph**, 276 F.3d at 404. In **Adams**, the Sixth Circuit similarly concluded that the Tennessee rule was retroactive because the rule merely clarified the existing law in Tennessee. **See Adams**, 330 F.3d at 405. Significantly in **Adams**, the Tennessee rule expressly provided that it was applicable "[i]n all appeals from criminal convictions or postconviction relief matters from and after July 1, 1967." **See id**. at 401.

The Court finds that Colo. App. R. 51.1 is most like the Tennessee rule at issue in **Adams**. Like the Tennessee rule, the plain language of Colo. App. R. 51.1 expressly provides that it applies to "all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974." Therefore, the Court finds that Colo. App. R. 51.1 is merely a clarification of the existing law in Colorado and, as a result, the rule applies retroactively to Mr. Martinez' direct appeal. As a result, the Court further finds that Mr. Martinez' claims one, three, and four are exhausted.

B.     Claim Two

Respondents concede that Mr. Martinez' second claim, in which he challenges the trial court's refusal to instruct the jury that the affirmative defense of self-defense applies to the charge of extreme indifference murder, was raised on direct appeal. However, Respondents contend that Mr. Martinez' second claim should be dismissed because that claim does not raise a cognizable federal constitutional issue. Mr.

9

Martinez argues that his second claim implicates his federal constitutional right to present a complete defense. The Court agrees with Respondents that Mr. Martinez' arguments challenging the trial court's determination under Colorado law that the affirmative defense of self-defense does not apply to the charge of extreme indifference murder does not raise a cognizable federal constitutional claim. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Furthermore, to the extent Mr. Martinez' second claim is premised on his constitutional right to present evidence of self-defense, the claim is duplicative of his third claim for relief that the Court already has determined is exhausted. Therefore, the Court will dismiss Mr. Martinez' second claim for relief for failure to raise a cognizable federal constitutional issue.

C.    Claim Five

Respondents contend that Mr. Martinez' fifth claim, in which he alleges that the trial court erred in instructing the jury on the issue of an initial aggressor because there was no evidence that showed Mr. Martinez was an initial aggressor, also is not a cognizable federal constitutional claim. Although the vast majority of Mr. Martinez' discussion of his fifth claim in the Application is premised on state law, he does include a reference to two United States Supreme Court cases in his summary of the fifth claim:

> Because neither the evidence nor the prosecution's
> complicity theory of initial aggression warranted giving such

> an instruction, the trial court erred in so instructing the jury
> and failed in its duty to properly instruct the jury on all
> matters of law. In re Winship, supra; Duncan v. Louisiana,
> supra . . .;

(Application at p. 9-c.) However, Mr. Martinez fails to link his argument that the trial

court erred in giving an initial aggressor instruction to the federal constitutional claim

apparently being asserted. In **Winship**, the Supreme Court held "that the Due Process

Clause protects the accused against conviction except upon proof beyond a reasonable

doubt of every fact necessary to constitute the crime with which he is charged." **In re**

**Winship**, 397 U.S. 358, 364 (1970). In **Duncan**, the Supreme Court held that the Due

Process Clause protects the right of the accused in state criminal cases to be tried by a

jury. **See Duncan v. Louisiana**, 391 U.S. 145, 156 (1968).

In his Amended Motion to Stay or Amend, Mr. Martinez explains his fifth claim as

follows:

> It is well settled that the United States Constitution
> guarantees a criminal defendant the fundamental right to a
> jury trial on each of the essential elements of a charged
> offense. U.S. Const., Amends. XI, XIV; Sullivan v.
> Louisiana, 508 U.S. 275, 278 (1993). As a result, a
> defendant has the right to require that the prosecution prove,
> to a jury, beyond a reasonable doubt each fact necessary to
> constitute the charge [sic] offense prior to the entry of a
> valid/constitutional conviction. See In re Winship, 397 U.S.
> 358, 364 (1970). Consequently, when a trial court
> erroneously instructs a jury either through ommission [sic] of
> an essential element or inclusion of an erroneous instruction
> which lessens the prosecutions [sic] burden of proof, it
> violates the accused's Sixth Amendment right to a trial by
> jury on each element of the charged offense. See United
> States v. Gaudin, 515 U.S. 506, 522-23 (1995); see also
> Sullivan, supra.

(Am. Mot. to Stay or Amend at 7.) Construing the application and other papers filed by

11

Mr. Martinez liberally, the Court finds that Mr. Martinez is raising a cognizable federal constitutional claim in his fifth claim for relief. However, Mr. Martinez concedes that his fifth claim is not exhausted because the claim was not fairly presented to the state courts.

D.      Claim Six

As noted above, Mr. Martinez contends in his sixth claim that the prosecution committed misconduct during closing arguments. More specifically, Mr. Martinez alleges that the prosecution (a) misstated the law of self-defense; (b) told the jury it would commit an injustice of it did not find Mr. Martinez guilty and appealed to the jury's fear of gang violence in the community; and (c) argued that Mr. Martinez' testimony was "a lie" and "made up."

Respondents argue that subpart (a) is unexhausted because, although the facts in subpart (a) were fairly presented to the CCA, those facts were not raised by Mr. Martinez in his petition for writ of certiorari on direct appeal. For the same reasons discussed above in the context of Mr. Martinez' first, third, and fourth claims, the Court finds that Mr. Martinez was not required to raise the facts alleged in subpart (a) in his petition for writ of certiorari in order to exhaust state remedies. Therefore, claim six(a) is exhausted.

Respondents argue that subpart (b) is unexhausted because Mr. Martinez does not contend specifically that his constitutional rights were violated by the alleged prosecutorial misconduct referenced in subpart (b). However, Mr. Martinez asserts his prosecutorial misconduct claim in the application as one single claim; he does not set out three distinct subparts as identified by Respondents in their Pre-Answer Response.

12

Furthermore, Mr. Martinez alleges in his sixth claim that his federal constitutional rights were violated as a result of prosecutorial misconduct. Therefore, the Court finds that Mr. Martinez is asserting his entire sixth claim of prosecutorial misconduct as a federal constitutional claim. As a result, claims six(b) also is exhausted.

Respondents argue, and Mr. Martinez concedes, that subpart (c) is not exhausted because the facts alleged in subpart (c) were not raised in the prosecutorial misconduct claim Mr. Martinez raised on direct appeal.

E.    Claims Seven through Thirteen[1]

Respondents argue that Mr. Martinez' ineffective assistance of counsel claims are unexhausted because none of the ineffective assistance of counsel claims were raised on appeal from the denial of Mr. Martinez' Rule 35(c) motion. Mr. Martinez concedes that claims seven through thirteen are not exhausted.

II.    Procedural Default

Although Mr. Martinez failed to exhaust state remedies for claims five, six(c), and seven through thirteen, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Martinez no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. However, if Mr. Martinez is barred by state law from exhausting his claims, the claims are procedurally defaulted and, as a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is

---

[1]Mr. Martinez alleges in claim thirteen that the cumulative effect of the errors in this case deprived him of a fair trial. It is clear from his discussion of claim thirteen, both in the application and in the Amended Motion to Stay or Amend, that he is referring only to the cumulative effect of trial counsel's errors. Therefore, the Court will consider claim thirteen together with the other ineffective assistance of counsel claims.

13

excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Martinez' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice in order to overcome a procedural default. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for a procedural default, Mr. Martinez must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

It is not clear whether claims five, six(c), and seven through thirteen are procedurally defaulted. Respondents argue in their Pre-Answer Response that these claims are procedurally defaulted because Mr. Martinez is barred under state law from filing another postconviction motion raising either new claims or the same claims under a different legal theory. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction

14

proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Mr. Martinez also refers to claims five, six(c), and seven through thirteen as procedurally defaulted in his Amended Motion to Stay or Amend. Furthermore, with respect to claims six(c) and seven through thirteen, Mr. Martinez specifically argues that he can overcome the procedural default through a showing of cause and prejudice.

However, Mr. Martinez also argues that he still can raise claims five, six(c), and seven through thirteen in a new state court postconviction proceeding. If that is true, the claims are not procedurally defaulted and Mr. Martinez would not be required to demonstrate cause and prejudice for a procedural default. Of course, if claims five, six(c), and seven through thirteen are not procedurally defaulted because they still can be raised in a new state court postconviction proceeding, the Court is confronted with a classic mixed petition that contains both exhausted and unexhausted claims. If the application is a mixed petition, the entire application is subject to dismissal for failure to exhaust state remedies. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1131 (10th Cir. 1995).

Consistent with his theory that he still has a state remedy available to him, Mr. Martinez asks the Court in the Amended Motion to Stay or Amend to stay this action in accordance with *Rhines v. Weber*, 544 U.S. 269 (2005), while he returns to state court to exhaust the unexhausted claims. Alternatively, he asks the Court to allow him to amend the application to pursue only the exhausted claims.

Despite arguing in their Pre-Answer Response that Mr. Martinez no longer has a remedy available to him in state court, Respondents appear to concede in their response to the original motion to stay or amend that Mr. Martinez may be able to return to state court in order to exhaust state remedies for his unexhausted claims. (**See** Doc. # 11 at 4 ("Were he to prevail, presumably his remedy would be permission to belatedly present his federal claims to the state appellate courts.")). In light of this apparent concession, as well as Mr. Martinez' insistence that he still can return to state court to exhaust the unexhausted claims, the Court does not find that claims five, six(c), and seven through thirteen are procedurally defaulted. Instead, the Court finds that the application for a writ of habeas corpus is a mixed petition containing both exhausted and unexhausted claims. Because the Court finds that the application is a mixed petition, the Court need not address Mr. Martinez' arguments that he can show cause and prejudice for a procedural default.[2]

III.     Amended Motion to Stay or Amend

As noted above, Mr. Martinez asks the Court in the Amended Motion to Stay or Amend to stay this action in accordance with **Rhines v. Weber**, 544 U.S. 269 (2005),

---

[2]If the Court was required to address Mr. Martinez' cause and prejudice arguments, the Court would find that they lack merit. Mr. Martinez argues that he can show cause for the failure to raise claims five and six(c) on direct appeal because direct appeal counsel was ineffective. Although ineffective assistance of direct appeal counsel can be "cause" for a procedural default, a claim that direct appeal counsel was ineffective generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." **Murray**, 477 U.S. at 489. Mr. Martinez does not allege that he has exhausted any independent claim that direct appeal counsel was ineffective.

With respect to claims seven through thirteen, Mr. Martinez seeks to demonstrate cause by alleging that postconviction counsel was ineffective. However, the ineffectiveness of postconviction counsel is insufficient to establish cause and prejudice for a procedural default because there is no constitutional right to postconviction counsel. See **Cummings v. Sirmons**, 506 F.3d 1211, 1223 (10th Cir. 2007).

while he returns to state court to exhaust the unexhausted claims, or to allow him to amend the application to pursue only the exhausted claims. In *Rhines*, the Supreme Court held that a district court has discretion to stay a mixed petition while the petitioner returns to state court to exhaust his unexhausted claims. *Rhines*, 544 U.S. at 277. However, "stay and abeyance should be available only in limited circumstances." *Id*. Pursuant to *Rhines*, Mr. Martinez' motion to stay this action may be granted only if: (1) he has good cause for his failure to exhaust his claims first in state court; (2) the unexhausted claims potentially are meritorious; and (3) there is no indication that he has engaged in intentionally dilatory litigation tactics. *Id*. at 278.

Respondents argue that Mr. Martinez' claims lack potential merit because his chances of convincing the state courts to consider the merits of those claims in a new postconviction motion are slim. This argument misses the mark because the relevant question is whether the claims Mr. Martinez seeks to raise potentially have merit, not whether he will be able to convince the state courts to consider those claims. Respondents do not address the potential merit, or lack of merit, of the claims Mr. Martinez seeks to raise.

Respondents also argue, and the Court agrees, that a stay is not appropriate because Mr. Martinez cannot demonstrate good cause for his failure to exhaust state remedies prior to seeking relief in this Court. Even assuming, as Mr. Martinez insists, that direct appeal counsel and postconviction counsel were ineffective and that Mr. Martinez still has a state court remedy available because direct appeal and postconviction counsel were ineffective, he fails to explain why he did not pursue that

remedy and exhaust state remedies prior to filing the instant action. Mr. Martinez cannot demonstrate good cause for his failure to exhaust state remedies when he has failed to make any effort to exhaust a remedy that he argues is available.

Furthermore, even if Mr. Martinez could demonstrate good cause for his failure to exhaust by arguing that the instant action is a protective filing based on reasonable confusion over whether a state court remedy in fact still is available, *see Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005) (stating that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court"), his failure to pursue the state remedy that he insists still is available is some indication that he has engaged in intentionally dilatory litigation tactics.

For these reasons, Mr. Martinez' request for to stay these proceedings while he returns to state court to exhaust his unexhausted claims will be denied. The alternative request to amend the application to raise only the claims that the Court has determined are exhausted will be granted. Mr. Martinez will be directed to file an amended application limited to the claims the Court has determined are exhausted, which are claims one, three, four, six(a), and six(b). If Mr. Martinez fails to file an amended application that is limited to the claims the Court has determined are exhausted, the Court will dismiss the entire action as a mixed petition. Mr. Martinez is advised that, if the entire action is dismissed as a mixed petition, he will be required to file a new application for a writ of habeas corpus in order to pursue any claims in this Court and the one-year limitation period in § 2244(d) will be applied to any new habeas corpus

action he files without regard to the instant action. The fact that the instant action is timely does not mean that any future habeas corpus action filed by Mr. Martinez also will be timely. Furthermore, the time during which this federal action was pending will not toll the one-year limitation period with respect to any new habeas corpus action Mr. Martinez may file. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Accordingly, it is

ORDERED that claim two in the application is dismissed for failure to raise a cognizable federal constitutional issue. It is

FURTHER ORDERED that the "Motion to Stay or Alternatively Amend Habeas Application" filed on June 22, 2010, is denied as moot and the "Amended Motion to Stay or Amend filed on August 11, 2010, is denied to the extent Mr. Martinez requests a stay and granted to the extent Mr. Martinez requests leave to file an amended application. It is

FURTHER ORDERED that, within **thirty (30) days from the date of this order**, Mr. Martinez file an amended application in which he raises only those claims for which the Court has determined state remedies are exhausted. It is

FURTHER ORDERED that the instant action will be dismissed as a mixed petition if Mr. Martinez fails within the time allowed to file an amended application in which he raises only those claims for which the Court has determined state remedies are exhausted.

DATED at Denver, Colorado, this _3rd_ day of September, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-00828-BNB

Troy Martinez
Prisoner No. 89851
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Clemmie Parker Engle
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on ___9/9/10___

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk