IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00828-BNB

TROY MARTINEZ,

Applicant,

v.

ANGEL MEDINA, Warden (LCF), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant has filed *pro se* on September 21, 2010, a "Motion to Amend/Alter Order of Sept. 9, 2010, Denying Request for Stay and Ordering Applicant to File Amended Habeas Application." Applicant asks the Court to reconsider the Court's Order filed in this action on September 9, 2010. In that order, the Court dismissed one of Applicant's claims, determined that the habeas corpus application filed by Applicant is a mixed petition containing both exhausted and unexhausted claims, denied Applicant's request to stay these proceedings while he returns to state court to exhaust the unexhausted claims, and directed Applicant to file an amended pleading in which he raises only those claims for which the Court determined state court remedies have been exhausted. In the motion to reconsider filed on September 21, Applicant asks the Court to reconsider the decision not to stay these proceedings. Applicant also asks the Court for an extension of time to file an amended application if the Court declines to reconsider entering a stay.

The Court must construe the motion to reconsider liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

As noted above, the Court denied Applicant's request to stay these proceedings while he returns to state court to exhaust a number of unexhausted claims. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition while the petitioner returns to state court to exhaust his unexhausted claims. *Rhines*, 544 U.S. at 277. However, "stay and abeyance should be available only in limited circumstances." *Id*. Pursuant to *Rhines*, a stay is appropriate only if: (1) Applicant has good cause for his failure to exhaust his claims first in state court; (2) the unexhausted claims potentially are meritorious; and (3) there is no indication that Applicant has engaged in intentionally dilatory litigation tactics. *Id.* at 278. The Court determined that a stay was not appropriate because Applicant failed to demonstrate good cause for his failure to exhaust state remedies prior to filing this action and his failure to pursue a state remedy that he insists still is available is some indication that he has engaged in intentionally dilatory litigation tactics. The Court did not address whether Applicant's unexhausted claims potentially have merit.

Applicant argues in the motion to reconsider that the Court erred in determining that his failure to pursue a state remedy that he insists still is available is some indication that he has engaged in intentionally dilatory litigation tactics. However, even if the Court accepted Applicant's argument that the Court erred in that respect, he does

2

not even address the Court's determination that he failed to demonstrate good cause for his failure to exhaust state remedies prior to filing this action. As a result, the Court remains convinced that a stay is not appropriate and the motion to reconsider will be denied. Accordingly, it is

ORDERED that Applicant's "Motion to Amend/Alter Order of Sept. 9, 2010, Denying Request for Stay and Ordering Applicant to File Amended Habeas Application" filed on September 21, 2010, is denied. It is

FURTHER ORDERED that Applicant shall have **thirty (30) days from the date of this order** to file an amended application as directed in the Court's order filed in this action on September 9, 2010.

DATED at Denver, Colorado, this __28th__ day of __September__, 2010.

BY THE COURT:

_Christine M Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00828-ZLW

Troy Martinez
Prisoner No. 89851
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Clemmie Parker Engle
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9|29|10

GREGORY C. LANGHAM, CLERK

By_____
Deputy Clerk