**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-00828-WJM

TROY MARTINEZ,

    Applicant,

v.

ANGEL MEDINA, Warden (LCF), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING PETITION FOR HABEAS CORPUS

---

The matter before the Court is Applicant's Amended Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 22).  The Court has determined that the Application can be resolved on the parties' briefing and that no oral argument or evidentiary hearing is necessary.[1]

**I.    Background**

In 1996, a jury in Adams County, Colorado District Court case number 95CR130 found Applicant guilty of first degree murder with extreme indifference.  The Colorado Court of Appeals (CCA), on direct appeal, summarized the facts of the case as follows:

---

[1] *See* 28 U.S.C. § 2254(e); Fed. R. Governing Section 2254 Cases 8(a).

> Defendant, armed with a gun, drove to an apartment complex where a friend of his lived and where he had seen rival gang members.  His car slowed as it approached the apartment complex and defendant's passenger exchange epithets and threats with the rival gang members.  Two rival gang members advanced toward the car, and, as they did so, defendant grabbed a gun and fired multiple shots in their direction, fatally wounding one person.
> At trial, defendant argued that he fired the gun in self-defense.  Defendant testified that he believed that he saw one of the rival gang members reach for something shiny in his pants pocket.  The trial court instructed the jury on self-defense as an affirmative defense to first degree murder after deliberation, the lesser included offense of second degree murder, and the lesser non-included offense of provoked passion manslaughter. [However,] the trial court refus[ed] to extend the self-defense instruction to the charge of first degree murder with extreme indifference and [did not require] the jury to render a verdict on the lesser non-included offense.[2]

Applicant was sentenced to life in prison without parole.  The CCA affirmed his conviction, and the Colorado Supreme Court denied certiorari review.

On April 13, 2010, Applicant filed an Application For Writ Of Habeas Corpus which contained thirteen numbered claims.[3]  Respondents thereafter filed a pre-Answer response that challenged the Application on both timeliness and exhaustion grounds.[4]

On September 3, 2010, District Judge Christine M. Arguello partially dismissed the Application for failure to raise a cognizable federal constitutional issue and found

---

[2] People v. Martinez, No. 96CA0966, slip op. at 1 (Colo. App. Jan. 22, 1998).  Applicant does challenge the factual findings of the state courts, and these findings are presumed correct. See 28 U.S.C. § 2254(e)(1).

[3] Doc. No. 1.

[4] Doc. No. 7 (May 27, 2010).

2

that several other claims were unexhausted.[5] To prevent dismissal of the entire Application as a mixed petition, Judge Arguello ordered Applicant to file an amended application containing only his unexhausted claims.[6]

On October 18, 2010, Applicant filed his Amended Application. Respondents filed a response on November 30, 2010,[7] and Applicant filed a traverse on January 18, 2011.[8]

## II.   Habeas Claims

The Amended Application contains three claims:

- **Claim 1:** The state trial court committed structural error by failing to require the jury to render a verdict on a lesser non-included offense.

- **Claim 2:** The jury instructions precluded the jury from considering evidence of self-defense as a defense to the charge of extreme indifference murder, violating Applicant's constitutional right to present a defense.

- **Claim 3:** Applicant's due process rights were violated as a result of prosecutorial misconduct in the closing argument.

---

[5]Order (Doc. No. 16; Sep. 9, 2010).

[6]Id. at 18.

[7]Doc. No. 27.

[8]Doc. No. 31.

### III.   Legal Standard

#### A.   Habeas Corpus Actions

Because Applicant filed his Application after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), that statute governs the Court's review.[9]  Under the AEDPA, a district court may only consider a habeas petition when the petitioner argues that he is "in custody in violation of the Constitution or laws or treaties of the United States."[10]  Petitioner's Application was timely filed.[11]

When reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court.[12]  "When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 . . . . [it] does not review a judgment, but the lawfulness of the petitioner's custody *simpliciter*."[13]

The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

---

[9] Cannon v. Mullin, 383 F.3d 1152, 1158 (10th Cir. 2004) (*citing* Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999)).

[10] 28 U.S.C. § 2254(a).

[11] 28 U.S.C. § 2244(d); Order (Doc. No. 13; July 23, 2010), at 11.

[12] *See* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

[13] Coleman v. Thompson, 501 U.S. 722, 730 (1991) (internal quotations and citations omitted).

appellate review process."[14]  Exhaustion issues have already been handled by this Court in this matter.[15]

A writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[16]

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1).[17]  The threshold question pursuant to § 2254(d)(1) is whether a petitioner seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.[18]  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."[19]  Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*.  Although the legal rule at issue need not have had its genesis in the closely-related or similar factual

---

[14] O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

[15] *See* Order (Doc. No. 16; Sep. 9, 2010).

[16] 28 U.S.C. § 2254(d)(1).

[17] *See* Cook v. McKune, 323 F.3d 825, 830 (10th Cir. 2003).

[18] *See* Williams v. Taylor, 529 U.S. 362, 390 (2000).

[19] Id. at 412.

> context, the Supreme Court must have expressly extended the legal rule to that context.[20]

If there is no clearly established federal law, that is the end of the Court's inquiry.[21] If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.[22]

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent."[23] "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'"[24]
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts.[25] Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably

---

[20] House v. Hatch, 527 F.3d 1010, 1016 (10th Cir. 2008). "Supreme Court holdings . . . must be construed narrowly and consist only of something akin to on-point holdings." Id. at 1015.

[21] Id. at 1017-18; Carey v. Musladin, 549 U.S. 70 (2006).

[22] See Williams, 529 U.S. at 404-05.

[23] Maynard v. Boone, 468 F.3d 665, 669 (10th Cir. 2006) (internal quotation marks and brackets omitted) (*quoting* Williams, 529 U.S. at 405).

[24] Williams, 529 U.S. at 405 (citation omitted).

[25] Id. at 407-08.

>refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.[26]

The Court's inquiry pursuant to the "unreasonable application" clause is an objective one.[27] "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable."[28] "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law."[29] "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254."[30]

Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Applicant bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'"[31]

---

[26] House, 527 F.3d at 1018.

[27] See Williams, 529 U.S. at 409-10.

[28] Id. at 411.

[29] Maynard, 468 F.3d at 671.

[30] Id.

[31] Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting Miller-El v. Cockrell, 537 U.S. 322, 340 (2003)).

The Court "owes deference to the state court's *result*, even if its reasoning is not expressly stated."[32] Therefore, the Court "must uphold the state court's summary decision unless [an] independent review of the record and pertinent federal law persuades [the Court] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented."[33] "[T]his 'independent review' should be distinguished from a full *de novo* review of the petitioner's claims."[34]

### B.     *Pro Se* Litigant

Applicant is proceeding *pro se.* The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."[35] However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[36] A court may not assume that an applicant can prove facts that have not been alleged, or

---

[32] Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999).

[33] Id. at 1178.

[34] Id.

[35] Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also* Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

[36] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

that a respondent has violated laws in ways that an applicant has not alleged.[37] The Applicant's *pro se* status does not entitle him to an application of different rules.[38]

## IV. Analysis

### A. Claim 1: Structural Error in Instructions to Jury

Applicant claims that constitutional "structural error" occurred when the state trial court failed to require the jury to return a verdict on the lesser non-included offense of provoked passion manslaughter after the jury had already found the defendant guilty, on a separate verdict form, of first degree murder.

The CCA provided an overview of the relevant facts:

> [T]he jury received two verdict forms, one for the first degree murder charges and their lesser included offenses and another for the lesser non-included offense of heat of passion manslaughter. After some deliberation, the jury sent a note to the trial court asking:
>
>> If a 1st degree murder charge is found [d]o we or are we to find a lesser charge 2nd on manslaughter etc. [sic]
>
> After conferring with counsel, the trial court referred the jurors back to the original instructions and verdict forms. After further deliberations, the jury returned a guilty verdict on the charge of first degree murder with extreme indifference and left unsigned the second verdict form for provoked passion manslaughter. Upon receipt of the verdict, the court again conferred with counsel, conducted brief research, and decided

---

[37] Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

[38] *See* Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002).

> that to order the jury to render a verdict on the lesser non-included charge would invite an inconsistent verdict.[39]

Applicant expressly argues that his alleged violation constitutes structural error.[40] A structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself."[41] The Supreme Court has only found structural errors in a "very limited class of cases":[42] a total deprivation of the right to counsel;[43] lack of an impartial trial judge;[44] unlawful exclusion of grand jurors of defendant's race;[45] the right to self-representation at trial;[46] the right to a public trial;[47] and an erroneous reasonable-doubt instruction given to a jury.[48]

The Supreme Court has never held that it is structural error to fail to require a verdict to be entered on a lesser non-included offense when a jury finds a defendant

---

[39] Martinez, No. 96CA0966, slip op. at 2-3.

[40] See, e.g., id. at 2.

[41] Arizona v. Fulminante, 499 U.S. 279, 310 (1991).

[42] Johnson v. United States, 520 U.S. 461, 468 (1997).

[43] Gideon v. Wainwright, 372 U.S. 335 (1963).

[44] Tumey v. Ohio, 273 U.S. 510 (1927).

[45] Vasquez v. Hillery, 474 U.S. 254 (1986).

[46] McKaskle v. Wiggins, 465 U.S. 168 (1984).

[47] Waller v. Georgia, 467 U.S. 39 (1984).

[48] Sullivan v. Louisiana, 508 U.S. 275 (1993).

guilty of the parent offense.[49]  Therefore, federal habeas review is not available for this claim as it does not implicate clearly established federal law.[50]  Further, to the extent Applicant argues that this alleged violation constitutes non-structural error, he cannot because this claim is unexhausted.[51]  Claim one is therefore denied.

### B.   Claim 2: Violation of Right to Present a Defense

Applicant next claims that the trial court's failure to instruct on self-defense to extreme indifference murder violated his due process right to a complete defense.  He contends that the jury instructions precluded the jury from considering his theory of self-defense as to the extreme indifference murder charge.

Colorado courts have held that self-defense is not an affirmative defense to extreme indifference murder.[52]  However, a defendant is entitled to present evidence of self-defense to the jury to negate the elements of a crime charged.[53]

When addressing claims asserting a denial of due process, a federal habeas court must "not question the evidentiary or procedural rulings of the state court unless

---

[49] The Court agrees with Respondents that this case is similar to claims, that the Supreme Court has rejected, that there is a constitutional right to a lesser included offense instruction in non-capital cases. *See* Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) (*citing* Beck v. Alabama, 447 U.S. 625, 638 n.14 (1980)).

[50] 28 U.S.C. § 2254(d)(1).

[51] "[A]ny error was trial error and subject to plain error review.  Because defendant does not argue such error on appeal, we decline to address it." Martinez, No. 96CA0966, slip op. at 4.

[52] People v. Fernandez, 883 P.2d 491, 493 (Colo. App. 1994); Martinez, No. 96CA0966, slip op. at 4-5.

[53] Martinez, No. 96CA0966, slip op. at 5 (*citing* Case v. People, 774 P.2d 866 (Colo. 1989)).

[Applicant] can show that, because of the [alleged] actions, his trial, as a whole, was rendered fundamentally unfair."[54]  For purposes of this Order, it will be assumed that clearly established federal law entitles a defendant to present evidence of self-defense to the jury.  However, the facts in this case are clear that the trial court did not prevent Applicant from presenting such a defense and, thus, there was no unreasonable application of federal law.

On direct appeal the CCA found:

> Here the trial court instructed the jury that: "It is an affirmative defense to the crimes of first degree murder after deliberation, second degree murder and provoked passion manslaughter that the defendant . . . ."  Thus, although the instruction correctly excluded extreme indifference murder from the charges subject to the affirmative defense of self-defense, it did not preclude the jury from considering defendant's evidence concerning self-defense as it related to the elements of the crime of extreme indifference murder.  Likewise, the trial court did not restrict defendant's presentation of such evidence nor did it limit defendant's counsel from asserting he acted in self-defense during closing argument.[55]

Further, Applicant neither submitted a theory of the case instruction nor a self-defense instruction as to the extreme indifference murder charge.

This Court agrees with, and adopts, the CCA's evaluation of the trial record in this case.  The trial court neither precluded the jury from considering self-defense on the

---

[54] Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991).

[55] Martinez, 96CA0966, slip op. at 5-6.

extreme indifference claim nor erred in failing to *sua sponte* give such an instruction.[56] There is no evidence that Applicant was prevented by the trial court from arguing self-defense on the charge he was eventually convicted for. Therefore, Applicant's trial was not rendered fundamentally unfair in violation of due process and his second claim is denied.[57]

### C. Claim 3: Prosecutorial Misconduct

Finally, Applicant claims that his due process rights were violated when the prosecutor made several inappropriate statements in his closing argument. Applicant objects to the prosecutor's characterization that this was not a case of self-defense but instead of gang-on-gang violence, to argument that discounted Applicant's claim of self-defense, and to repeated appeals to the jury's "collective moral conscience" to find Applicant guilty as their responsibility to protect society.

It is clearly established Supreme Court law that improper prosecutorial comments during closing argument can violate a defendant's due process rights.[58] However, prosecutorial misconduct does not warrant federal habeas relief unless the conduct

---

[56] *See* Foster v. Ward, 182 F.3d 1177, 1193-94 (10th Cir. 1999) (trial court's failure to give unrequested cautionary instruction on accomplice testimony did not render trial fundamentally unfair).

[57] *See* Estelle, 502 U.S. at 72.

[58] Donnelly v. DeChristoforo, 416 U.S. 637 (1974)

13

complained of "so infected the trial with unfairness as to make the resulting conviction a denial of due process."[59]

The CCA found that the prosecutor's arguments that the "case was really a dispute between rival gangs [and] justice required a finding of guilt to extreme indifference murder" were not, when viewed in the context of the entire closing argument, so "inflammatory or impassioned so as to prevent the jury from rendering a fair and impartial verdict."[60]  Additionally, Applicant's counsel contemporaneously objected to only one portion of the closing argument, and the trial court's curative instruction was presumed to have been understood and heard by the jury.[61]

The test used by the CCA for determining whether there was plain error under state law is substantially identical to the substantive due process test.[62]  Thus, although the CCA opinion purported to only apply state law plain error analysis, their decision was a merits based review for purposes of the AEDPA.[63]  Because the state law plain error standard as applied by the CCA is the same as the federal due process standard -

---

[59]Id. at 643; *see also* Mahorney v. Wallman, 917 F.2d 469, 472 (10th Cir. 1990) (DeChristoforo fundamental unfairness analysis used when prosecutor's arguments did not infringe on any specific constitutional right).

[60]Martinez, No. 96CA0966, slip op. at 9 (*citing* People v. Eckert, 919 P.2d 962 (Colo. App. 1996)); *see also* United States v. Ivory, 532 F.3d 1095, 1099 (10th Cir. 2008) (prosecutor's comments in closing argument did not deprive defendant of fair trial).

[61]Martinez, No. 96CA0966, slip op. at 9 (*citing* People v. Pesis, 536 P.2d 824 (1975)); *see also* Whittenburg v. Werner Enterprises Inc., 561 F.3d 1122, 1131 (10th Cir. 2009).

[62]People v. Kruse, 839 P.2d 1 (Colo. 1992); *accord* Nguyen v. Reynolds, 131 F.3d 1340 (10th Cir. 1997).

[63]Cook v. McCune, 323 F.3d 825, 830-31 (10th Cir. 2003).

whether the trial was rendered fundamentally unfair by the prosecutor's actions - the deferential AEDPA standard of review applies and the question becomes whether the CCA decision was an unreasonable application of the due process standard.[64]

The Court finds that the CCA's decision was not an unreasonable application of federal law. The prosecutor's statements were responsive to Applicant's counsel's arguments regarding self-defense,[65] did not misstate the law, and were rooted in the facts of the case.[66] Additionally, these statements were not "repeated and emphasized" throughout the closing arguments,[67] and a prompt curative instruction mitigated the alleged impropriety of at least some of the alleged damaging statements.[68]

In light of the strong evidence in favor of Applicant's conviction, it was reasonable for the state court to conclude that the prosecutor's remarks did not render his trial fundamentally unfair.[69] Applicant's third claim is therefore denied.

---

[64] Bland v. Sirmons, 459 F.3d 999, 1014 (10th Cir. 2006).

[65] United States v. Young, 470 U.S. 1 (1988).

[66] Thornburg v. Mullin, 422 F.3d 1113, 1134 (10th Cir. 2005).

[67] Whittenburg, 561 F.3d at 1122 (*citing* King v. PA Consulting Group, Inc., 485 F.3d 577, 591 (10th Cir. 2007); Garcia v. Sam Tanksley Trucking, Inc., 708 F.2d 519, 522 (10th Cir. 1983)) ("minor aberrations" not basis for a mistrial).

[68] Whittenburg, 561 F.3d at 1122.

[69] *See* Knapp v. Janecka, 337 Fed.Appx. 766, 771 (10th Cir. 2009).

**V.    Order**

Accordingly, it is

ORDERED that Applicant's Amended Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 22; Oct. 18, 2010) is denied and the Amended Application is dismissed with prejudice.  It is

FURTHER ORDERED that a certificate of appealability shall not issue because Applicant has not made a substantial showing of the denial of a constitutional right.[70]

Dated this 9th day of May, 2011.

BY THE COURT:

_____
William J. Martínez
United States District Judge

---

[70] 28 U.S.C. § 2253(c)(2); Fed. R. Governing Section 2254 Cases 11(a).